U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

NOV 13 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| ELDRICK D. CARTER | CIVIL ACTION NO: 07-1784 |
| VERSUS | JUDGE DONALD E. WALTER |
| SHERIFF SHUMATE, ET. AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion For Partial Summary Judgment submitted by Defendants Mark Shumate, Huey George, Brandon Wiltcher, Michael Ouzts, Bill Hopkins and John Roland. [Doc. #15].[1] For the reasons assigned herein, Defendants' Motion is hereby **GRANTED** as to Plaintiff's claim for damages arising from his alleged false arrest or false imprisonment after his bond hearing held on November 4, 2006.

## BACKGROUND INFORMATION

Plaintiff, Eldrick Carter, filed a complaint against East Carroll Parish Sheriff Mark Shumate, Huey George, Brandon Wiltcher, Michael Ouzts, Bill Hopkins and John Roland pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for alleged violations of his civil rights under the Fourth and Fourteenth Amendments. [Doc. #1, Complaint ¶ 1]. Defendants in this matter are the Sheriff of East Carroll Parish as well as officers, deputies, and employees of the East Carroll Parish Sheriff's Department. [Doc. #1, Complaint ¶ 5, 7]. Plaintiff asserts that Defendants were acting under the

---

[1] The Court notes that Defendants' motion was filed ten days after the dispositive motion deadline set forth in the scheduling order. However, in the interest of judicial economy the Court will consider the motion despite its tardiness.

1

color of state law during the alleged commission of excessive force and false arrest. [Doc. #1, Complaint ¶ 7].

Plaintiff was leaving the parking lot of Big Al's Bar in Lake Providence, Louisiana late in the evening on November 3, 2006, when he alleges that he was physically restrained by Defendant George without cause and was forcibly taken into police custody by George and the remaining Defendants. [Doc. #1, Complaint ¶ 11; Doc. #15, Statement of Uncontested Facts at 2]. Plaintiff contends that the officers used excessive physical force to detain him, including the use of a taser gun and K-9 unit. [Doc. #1, Complaint ¶ 11].

Plaintiff asserts that the police stop was not based on any specific facts or suspicions, but rather because of a "street interdiction" policy instituted by Sheriff Mark Shumate. [Doc. #1, Complaint ¶ 12, 13]. Plaintiff alleges that the policy essentially directed police offers to stop and search any person in or outside a bar. [Doc. #1, Complaint ¶ 14].

Plaintiff claims that he suffered physical injuries from his arrest including bruises, cuts, and scrapes, and that his body was rendered weak, stiff, sore and painful. [Doc. #1, Complaint ¶ 16, 17]. Additionally, Plaintiff also alleges emotional trauma and mental distress. [Doc. #1, Complaint ¶ 17, 18]. Plaintiff also claims that as a result of his wrongful arrest he was wrongfully incarcerated for approximately six months. [Doc. #1, Complaint ¶ 19].

## **LAW AND ANALYSIS**

### **I.** **Summary Judgment Standard**

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

2

is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement of the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## II. False Arrest / False Imprisonment

Defendants filed a Motion For Partial Summary Judgment [Doc. #15] seeking dismissal of all of Plaintiff's claims for damages following Plaintiff's November 4, 2006 bond setting. [Doc. #15]. Notice of Defendants' filing was given on October 27, 2008. [Doc. #16]. Plaintiff did not file an opposition.

False imprisonment "consists of detention without legal process." Wallace v. Kato, 549 U.S. 384, 127 S.Ct. 1091, 1096 (2007). "False imprisonment ends once the victim becomes held pursuant to legal process, such as when, for example, he is bound over by a magistrate or arraigned on charges." Id. "If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." Id.; citing to W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on the Law of Torts §119 (5th ed. 1984). From that point on, any damages recoverable must be based on a malicious prosecution claim. Id.

Defendants in felony cases where an indictment has not been issued have a constitutional and statutory right to a preliminary examination to determine whether probable cause exists to hold the accused in custody or under a bond obligation. State v. Spears, 634 So.2d 9, 10 (La. App. 1st Cir. 1994). On November 4, 2006, the day after his arrest, a warrant was issued for the arrest of Plaintiff

4

in relation to the events of November 3, 2006, with a bond set at $34,500. [Doc. #15, Statement of Uncontested Facts at 3]. As such, any damages based on his continued imprisonment must result from a claim of malicious prosecution, not false arrest or false imprisonment.

## **CONCLUSION**

Defendants's Motion is hereby **GRANTED** as to Plaintiff's claim for damages arising from his alleged false arrest or false imprisonment after his bond hearing held on November 4, 2006.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DATED AND SIGNED**, at Shreveport, Louisiana, this _13_ day of November, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

5